Filed 12/11/14  P. v. Zadurian CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B248462 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA340283) |
| v. | |
| VREJ ZADURIAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Ronald Coen, Judge.  Affirmed.

John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Stephanie A. Miyoshi and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Vrej Zadurian appeals from his conviction of special circumstance felony murder and first degree robbery. His sole contention on appeal is that the felony murder special circumstance statute (Pen. Code, § 190.2, subd. (a)(17)) violates the Eighth and Fourteenth Amendments of the United States Constitution.[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The nature of defendant's contention makes a detailed recitation of the facts unnecessary. It is sufficient to state that, viewed in accordance with the usual rules on appeal (*People v. Zamudio* (2008) 43 Cal.4th 327, 357-358 (*Zamudio*)), the evidence established that at about noon on November 1, 2005, Christopher Shahnazari was at home with his mother when defendant and two other men perpetrated a home invasion robbery during which Christopher was fatally shot. In a statement to police, defendant admitted participating in the robbery and shooting Christopher.

Defendant was charged with first degree murder committed during the commission of a robbery and burglary (count 1; § 190.2, subd. (a)(17)(A), (G)) and first degree robbery (count 2; § 211); prior convictions pursuant to the Three Strikes law (§ 1170.12, subds. (a)-(d), § 667, subds. (b)-(i)) and firearm enhancements were also alleged. A jury found defendant guilty on both counts and found true a section 12022.53, subdivision (b) firearm enhancement; the remaining firearm enhancements were dismissed. Defendant admitted the strike allegation. For felony murder (count 1), defendant was sentenced to life in prison without the possibility of parole plus an additional 10 years for the gun use; for first degree robbery (count 2), the trial court imposed but stayed a term of life in prison pursuant to the Three Strikes law. Defendant timely appealed.

---

[1]     All undesignated statutory references are to the Penal Code.

**DISCUSSION**

A.    *The Felony-Murder Special Circumstance Statute (§ 190.2, subd. (a)(17)) Does Not Violate the Eighth Amendment*

Defendant contends section 190.2, subdivision (a)(17), which makes felony murder a capital offense, violates the Eighth Amendment's proscription against cruel and unusual punishment, which is applicable to the states by virtue of its incorporation into the Due Process Clause of the Fourteenth Amendment, because the statute does not adequately "narrow the class of defendants eligible for special circumstance treatment." He argues the absence of a distinction between first degree felony murder (§ 189) and special circumstance felony murder (§ 190.2, subd. (a)(17)) renders the special circumstance felony murder statute unconstitutional.  Defendant concedes that his contention has been rejected by the California Supreme Court, and that we are bound to follow that precedent (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), but raises the issue to preserve it for federal review. The People counter that defendant forfeited this claim by failing to raise it in the trial court, that defendant lacks standing because he was not sentenced to death and, in any case, the statute passes constitutional muster.  We need not reach the People's forfeiture or standing arguments because, under *Auto Equity, supra*, we are bound by our Supreme Court's finding that section 190.2, subdivision (a)(17) is constitutional.

A capital crime is any crime that is statutorily punishable by death, whether or not the prosecutor seeks the death penalty.  (4 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012)  Pretrial Proceedings, § 92, p. 332.)  To comport with the requirements of the Eighth Amendment, a state's capital punishment scheme must define the class of persons eligible for the death penalty.  (*People v. Crittenden* (1994) 9 Cal.4th 83, 154, citing *Zant v. Stephens* (1983) 462 U.S. 862, 878.)  A statute which does not have "some narrowing principle" to limit the class of persons eligible for the death penalty is impermissibly vague under the Eighth Amendment.  (*Crittenden,* at p. 154.)  The definition of a capital

3

crime must "afford some objective basis for distinguishing a case in which the death penalty has been imposed from the many cases in which it has not. [Citation.]" (*Ibid.*)

In California, section 189 defines first degree murder as, among other things, "[a]ll murder . . . which by perpetrated means of . . . robbery [and/or] burglary. . . ." First degree murder is punishable by "death, imprisonment in the state prison for life without the possibility of parole, or imprisonment in the state prison for a term of 25 years to life. The penalty to be applied shall be determined as provided in Sections 190.1, 190.2, 190.3, 190.4, and 190.5." (§ 190.) Section 190.2, lists the special circumstances which, if found true, will make a murder death-eligible. At issue here is the felony-murder special circumstance, which is defined in section 190.2, subdivision (a)(17) as follows:

> "(a) The penalty for a defendant who is found guilty of murder in the first degree is death or imprisonment in the state prison for life without the possibility of parole if one or more of the following special circumstances has been found under Section 190.4 to be true: [¶][¶] (17) The murder was committed while the defendant was engaged in . . . the commission of . . . the following felonies: [¶] (A) Robbery in violation of Section 211 or 212.5. [¶][¶] (G) Burglary in the first or second degree in violation of Section 460."

Thus, under California homicide law, a special circumstance is necessary to make a murder punishable by death; the special circumstance is not itself a crime and the elements of the special circumstance are not elements of a crime. (*People v. Anderson* (2002) 28 Cal.4th 767, 777.) To the extent the Constitution requires a distinction between non-capital felony murder (i.e. simple murder) and the felony murder special circumstance which renders murder punishable by death, there is such a distinction. The felony murder offense "is established merely upon a showing that the defendant killed during the commission or attempted commission of the felony, whereas the felony-murder special circumstance requires an additional showing that the intent to commit the felony was independent of the killing." (*People v. Andreasen* (2013) 214 Cal.App.4th 70, 80 [that prosecution has discretion to select punishment it will seek does not render felony murder special circumstance unconstitutional].) "[B]y making the felony murderer but not the simple murderer death-eligible, a death penalty law furnishes the

4

'meaningful basis [required by the Eighth Amendment] for distinguishing the few cases in which [the death penalty] is imposed from the many cases in which it is not. [Citations.]" (*People v. Anderson* (1987) 43 Cal.3d 1104, 1147, superseded by statute on another point.)  For this reason, the California Supreme Court has consistently held that section 190.2 is not unconstitutionally overbroad.  "California homicide law and the special circumstances listed in section 190.2 adequately narrow the class of murderers eligible for the death penalty.  [Citations.]" (*People v. McDowell* (2012) 54 Cal.4th 395, 443; *People v. Thomas* (2011) 52 Cal.4th 336, 365 [section 190.2, subd. (a)(17) is not overbroad [under the Eighth Amendment] and adequately narrows the pool of those eligible for death].)  Thus, defendant's challenge to the constitutionality of section 190.2, subdivision (a)(17) fails.

## DISPOSITION

The judgment is affirmed.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.

5